UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY LEE BALDWIN,

Plaintiff,

v.

BRIAN CLEVELAND, et al.,

Defendants.

Case No. 25-cv-05299-PCP

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND, GRANTING *IN FORMA PAUPERIS* APPLICATIONS**

Re: Dkt. Nos. 3, 8

Anthony Baldwin, a California jail inmate proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. After filing his initial complaint, Mr. Baldwin proceeded to amend it twice. *See* Dkt. Nos. 2, 6 ("Second Amended Complaint" or "SAC").

For the reasons stated below, the Complaint is dismissed with leave to amend. Mr. Baldwin's motions to proceed *in forma pauperis* are granted.

**BACKGROUND**

Mr. Baldwin has been incarcerated at Santa Cruz County Jail since May 16, 2025. *See* SAC at 4. As defendants, Mr. Baldwin sues B. Cleveland, the "Chief of Jail Operations" for the Santa Cruz County Sheriff Department; Hilary Brandt, the Director of Nursing for Naphcare, which Mr. Baldwin explains operates "under contract with [the Santa Cruz County] Sheriff"; and "John/Jane Doe," the Regional Director of Naphcare. *Id*. at 2–3.

Mr. Baldwin states that he is an opioid addict who, since December 2021, has received treatment via a methadone maintenance program. *See* SAC, Ex. A at 2–4. Santa Cruz County Jail has a "blanket prohibition" on the use of methadone. SAC at 5. Mr. Baldwin challenges this

United States District Court
Northern District of California

"blanket prohibition" and claims it has caused "ineffective treatment of [his] severe opioid use disorder" while he was incarcerated in Santa Cruz County Jail. *Id*. at 6.

## LEGAL STANDARD

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## ANALYSIS

### I.    Procedure

Rather confusingly, Mr. Baldwin states that the instant lawsuit is meant as "a[n] amended complaint to [the *Nieto*] lawsuit." *See* SAC at 9; *see also Baldwin v. Nieto*, Case No. 25-5908-PCP (N.D. Cal. filed July 15, 2025) (raising substantially similar claims regarding Mr. Baldwin's treatment in Monterey County Jail). If Mr. Baldwin wishes to proceed on substantially identical claims against Santa Cruz County and Monterey County in the same lawsuit, he should inform the Court of this desire. In the event Mr. Baldwin makes such a choice, the Court will dismiss the duplicative lawsuit.

### II.    Merits

Mr. Baldwin states that he wishes to sue for deliberate indifference to his medical needs. *See generally* SAC. The Second Amended Complaint and exhibit thereto make clear that Mr. Baldwin was not denied medical care. Rather, he was prescribed Suboxone for his opioid withdrawal and was treated when he experienced withdrawal symptoms. *See* SAC, Ex. A at 6. Mr. Baldwin thus has at most alleged a difference of opinion as to the best course of treatment for his opioid addiction. To rise to the level of deliberate indifference, Mr. Baldwin must "show that [the] chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [Mr. Baldwin's] health.'" *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). To proceed with this lawsuit, Mr. Baldwin will have to allege

facts showing that the treatment given "was medically unacceptable under the circumstances."

Mr. Baldwin suggests that he wishes to pursue an equal protection claim. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Different treatment of unlike groups does not support an equal protection claim. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005). Conclusory allegations will not do. *See Ventura Mobilehome Comms. Owners Ass'n v. City of Buenaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004) (affirming dismissal of equal protection claim because "[a]side from conclusory allegations, Appellant has not . . . alleged how [similarly situated individuals] are treated differently"). Here, in order to state an equal protection claim, Mr. Baldwin at least must identify some group of people who were prescribed methadone when he was not.

Similarly, more information is needed before Mr. Baldwin may state an ADA claim. "To state a claim under … the ADA, a plaintiff generally must show: (1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of her disability." *Hyer v. City of Honolulu*, 118 F.4th 1044, 1065 (9th Cir. 2024) (quotation marks and citation omitted). The duty to provide "reasonable accommodations" or "reasonable modifications" for disabled people under Title II of the ADA arises only when a policy, practice or procedure discriminates on the basis of disability. *See Weinreich v. Los Angeles County MTA*, 114 F.3d 976, 979 (9th Cir. 1997) (no claim under ADA or Rehabilitation Act where disabled individual's exclusion from transit program was based on his financial inability to provide updated information that he still qualified for program, not on his disability). A plaintiff accordingly bears the burden of establishing the existence of specific reasonable accommodations that the defendant public entity failed to provide. *See id.* at 978. The entity providing an

United States District Court
Northern District of California

accommodation must "'honor the person's choice [of reasonable accommodation], *unless* it can demonstrate that another equally effective means of communication is available, or that the use of the means chosen would result in a fundamental alteration [to the entity's program] or in an undue burden." *Bax v. Doctrs Med. Ctr. Of Modesto*, 52 F.4th 858, 868 (9th Cir. 2022) (internal quotation marks and citation omitted, emphasis added). Here, Mr. Baldwin concedes that the prohibition of methadone is a jail-wide policy. *See generally* SAC. Absent more information, the prescription of Suboxone appears to be a reasonable substitute. On amendment, Mr. Baldwin must provide some facts to explain why Suboxone was not a reasonable substitute for his preferred prescription of methadone.

Mr. Baldwin's state-law claims are not cognizable at this time. Although the Court may be able to exert supplemental jurisdiction over those claims, there generally must first be "claims in the action within such original jurisdiction that they form part of the same case or controversy" as the state-law claims. 28 U.S.C. § 1367(a). Because Mr. Baldwin has yet to state a cognizable federal claim, the Court will not yet exert supplemental jurisdiction.

**CONCLUSION**

1. The Second Amended Complaint does not state a cognizable claim at this time. The Second Amended Complaint is DISMISSED WITH LEAVE TO AMEND. If he truthfully can provide facts to support each claim, Mr. Baldwin may amend his claims.

2. The THIRD AMENDED COMPLAINT shall be filed within **thirty-five days** from the date this order is filed. The third amended complaint must include the caption and civil case number used in this order (25-cv-5299-PCP) and the words THIRD AMENDED COMPLAINT on the first page. In the third amended complaint, Mr. Baldwin must allege facts that demonstrate he is entitled to relief on every claim. An amended complaint supersedes the original complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an amended complaint did not name all the defendants to an action, they were no longer defendants).

United States District Court
Northern District of California

3.    In the alternative, if Mr. Baldwin wishes to proceed against both Monterey County and Santa Cruz County in the same lawsuit, he may file a Notice of Voluntary Dismissal. This will permit Mr. Baldwin to avoid accruing a strike under 28 U.S.C. § 1915(g) if this action later is dismissed on the merits.

4.    It is Mr. Baldwin's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.    Mr. Baldwin is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

6.    Mr. Baldwin's applications to proceed *in forma pauperis* are GRANTED. *See* Dkt. Nos. 3, 8. The initial partial filing fee is $5.00. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater). A copy of this order and the attached instructions will be sent to Mr. Baldwin via U.S. mail, to the Santa Cruz County Jail, and to the court's financial office via email at CAND_Finance@cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated: March 18, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

5

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid. If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff/Petitioner

Court's Finance Office
United States District Judge

United States District Court
Northern District of California

6